

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

January 6, 1969

Major General Thomas S. Bishop
The Adjutant General
Camp Mabry
Austin, Texas

Opinion No. M-329

Re: Constitutionality of Art-
icles 8.01, 8.03, 8.05 and
8.07, Vernon's Code of Crim-
inal Procedure, and Section
2 of Article 5783, Vernon's
Civil Statutes, as they may
conflict with Article IV,
Section 7, Constitution of
Texas.

Dear General Bishop:

You have requested an opinion on the above styled
matter, which reads, in part, as follows:

"It is requested that an opinion be issued from
your office relative to the constitutionality of
Articles 8.01, 8.03, 8.05 and 8.07 of the Code of
Criminal Procedure of the State of Texas and
Section 2 of Article 5783, Texas Revised Civil
Statutes as they may conflict with Article 4,
Section 7 of the Texas Constitution.

This Department is seriously concerned relative
to such Statutes as they apparently delegate
authority to various public officials through-
out the State to mobilize units of the militia
of the State without prior approval of the
Governor.

This apparent delegated authority, as exercised,
would seriously jeopardize orderly military proce-
dure, chain of command, payment of claims, pension
rights and many other details which require well
defined chain of command."

Article IV, of the Constitution of Texas creates for
Texas, like every other state, a separate executive department

-1614-

in recognition of the well-settled doctrine of separation of powers. The governor is made the chief executive officer in the execution and enforcement of our laws. Section 7 of Article IV uses mandatory language with respect to making the governor commander-in-chief of the state's military forces:

> "He shall be Commander-in-Chief of the Military forces of the State, except when they are called into actual service of the United States. He shall have power to call forth the militia to execute the laws of the State, to suppress insurrections, repel invasions, and protect the frontier from hostile incursions by Indians or other predatory bands." (Emphasis supplied).

This similiar common law power has come down to the executive in America, and is in accord and not conflicting with the United States Constitutional provision. It is a common provision in other state constitutions and all of the constitutions of Texas have contained such a provision granting to the governor in the executive department of the state the power to call out the militia of the state, of which the Texas National Guard is a part.

The militia is subject to the orders of the governor, as commander-in-chief, except in the sole instance when it is called into the service of the United States. Its officers are appointed and commissioned by the governor. Ex parte Dailey, 93 Cr.R. 68, 246 S.W. 91 (1922). In time of peace, only the governor has the power to prescribe the regulations for the militia. Manley v. State, 62 Cr.R. 392, 137 S.W. 1137 (1911).

The "Interpretive Commentary" concerning Article IV, Section 7, Constitution of Texas, in Vernon's Texas Constitution, at page 789, states the following:

> "The governor is vested with discretionary powers in determining whether an emergency requiring military aid in the execution of the laws has arisen, and his decision upon the subject is conclusive. However, his judgment as to measures to be taken to suppress the violence

and restore order are not above judicial review. Sterting v. Constantin, supra." 57 F.2d 227 (1932), appeal dism. 53 S.Ct. 190, 287 U.S. 378. (Emphasis supplied).

No such power whatever to order or call forth the militia is granted by the Constitution of Texas under Article V, which creates a separate and distinct Judicial Department and states in what department the judicial power shall be vested by declaring that it shall be vested in the courts named. This is the power to adjudicate upon and protect the rights and interests of individual citizens, construing and applying the laws to that end. It is the power of the courts to decide and pronounce judgments and to carry them into effect between persons and parties who bring cause before them for decisions. Morrow v. Corbin, 122 Tex. 553, 62 S.W.2d 641 (1933).

Nor is any power to delegate to other state officers the authority to call forth and command the state militia mentioned under Article III governing the separate and distinct Legislative Department of our state. While the power or authority of the legislature is general to enact laws and it is full and complete and subject to no restrictions except those provided by the Constitution of the state, it is without power to usurp those powers expressly granted to the executive or judicial departments. Legislation is not permissible where the particular matter is expressly or impliedly withheld by the Constitution. 12 Tex.Jur.2d 397, Const.Law., Sec. 52. As stated in 12 Tex.Jur.2d 403, Constitutional Law, Section 57,

"The constitution of Texas is the permanent law of the state operating as a limitation on the powers of government and a restraint on the exercise of the legislative prerogative. Whenever the provisions of the constitution are violated, and officers, either ministerial, executive, or legislative, attempt action violative of its provisions, the courts, anchored close to the Constitution, have never hesitated to call them back within its limits."

Article II of the Constitution of Texas specifically provides that ". . . no person, or collection of persons, being of

one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

With these principles before us, we may examine the constitutionality of that portion of those statutes in question which, in effect, purport to grant power to other officials to call forth and order the state militia into state service.

Article 8.01, Vernon Code of Criminal Procedure

"When any officer authorized to execute process is resisted, or when he has sufficient reason to believe that he will meet with resistance in executing the same, he may command as many of the citizens of his county as he may think proper; and the sheriff may call any military company in the county to aid him in overcoming the resistance, and if necessary, in seizing and arresting the person engaged in such resistance."

Article 8.03, Vernon's Code of Criminal Procedure

"Whenever, for the purpose of suppressing riots or unlawful assemblies, the aid of military or militia companies is called, they shall obey the orders of the civil officer who is engaged in suppressing the same."

Article 8.05, Vernon's Code of Criminal Procedure

"In order to enable the officer to disperse a riot, he may call to his aid the power of the county in the same manner as is provided where it is necessary for the execution of process."

Article 8.07, Vernon's Code of Criminal Procedure

"The Articles of this Chapter relating to the suppression of riots apply equally to an unlawful assembly and other unlawful disturbances, as defined by the Penal Code."

Article 5783, Section 2, Vernon's Civil Statutes

"When there is in any county, city or town in this state tumult, riot or body of men acting together by force with intent to commit felony, or breach of the peace, or to do violence to person or property, or by force to break or resist the laws of this state, or when such tumult, riot, mob or other unlawful act or violence is threatened and that fact is made to appear to the Governor, he may issue his order to any commander of a unit of the State Military Forces of this state to appear at the time and place directed, to aid the civil authorities to suppress or prevent such violence and in executing the laws, provided, whenever the necessity for military aid in preventing or suppressing such violence is immediate and urgent, and when it is impracticable to furnish such information to the Governor in time to secure military aid by his order, the district judge of the judicial district in which the disturbance occurs, or the sheriff of such county, or the mayor of such city or town may call in writing for aid upon the commanding officer of the State Military Forces stationed therein, or adjacent thereto; and the civil officer making the call shall at once notify the Governor of his action."

Of like tenor to the provisions of the Vernon's Code of Criminal Procedure mentioned in your request is Article 43.26:

"The sheriff may, when he supposes there will be a necessity, order such number of citizens of his county, or request any military or militia company, to aid in preventing the rescue of a prisoner."

It is apparent that the above statutes do conflict with the Constitution of Texas, particularly Article IV, Section 7, thereof, wherein they vest authority in persons other than the Governor to call out, or issue orders to, the state militia.

It is well settled that constitutional provisions in this state are mandatory and when a power is expressly granted

by the constitution, which prescribes the means by which or the manner in which that power is to be exercised, the same is deemed exclusive of any or all others. Houchins v. Plainos, 130 Tex. 413, 110 S.W.2d 549 (1937); 12 Tex.Jur.2d 361, Constitutional Law, Section 13; P. 406, Sec. 61, and many cited cases at footnote 12. The basis of such a construction finds its roots in our constitutional system of separation of powers, designed to prevent usurpations and encroachments between departments of government and the various jurisdictional subdivisions thereof.

As stated in 12 Tex.Jur.2d 401, Constitutional Law, Section 55,

> "The powers properly belonging to one branch of government may not be exerted by another. And it is presumed that the constitution, in selecting the depositary of a given power, unless it be otherwise expressed, intended that the depositary should exercise an exclusive power. . ." In accord, State v. Moore, 57 Tex. 307 (1882).

It is further a recognized rule of constitutional interpretation that, "Every positive declaration found in the constitution contains by implication a prohibition both against anything contrary thereto and against everything that could effect a frustration of its objectives and purposes. . ." 12 Tex.Jur.2d 404, Constitutional Law, Sec. 58.

It is the opinion of this office that insofar as the above quoted statutes confer the power upon persons other than the Governor, including persons serving in other departments of state government, or in county or municipal government, to call forth the militia of the state, a part of the Executive Department of the State under the command and control of the governor, who is vested with this exclusive power and discretion, such statutes must be held to be unconstitutional.

In Neff v. Elgin, 270 S.W. 873, 875 (Tex.Civ.App. 1925, error ref.) is found a pertinent statement applicable to this question, wherein the Court said:

". . .Our government, national and state, has been divided into three coordinate branches, one of equal dignity and responsibility with the others, and each supreme within the exercise of its proper functions, and cannot while so acting, directly or indirectly, be controlled, meet with interference, or be under the supervision or dictation of any other branch. Such assumption of supervision of one branch of the government would be subversive of the system and lead to inextricable confusion. . ."

In accord, see 12 Tex.Jur.2d, 395, Constitutional Law, Section 50, stating that, "Due regard for the powers and jurisdictions of the governmental departments by each other is essential to the solution of governmental and public problems and the effective carrying out of their respective functions."

However, when members of the state militia or national guard are not on active duty or in the performance of their duties pursuant to orders of the Governor or higher authority, they are subject to being called by a mayor or sheriff or other peace officer as members of a posse comitatus.

## SUMMARY

Articles 8.01, 8.03, 8.05, 8.07 and 43.26 of the Code of Criminal Procedure, and Section 2 of Article 5783, Vernon's Civil Statutes, insofar as they grant authority to a sheriff of a county, or a mayor of a city, or a district judge of a judicial district, to call out and issue orders to the state militia or state military forces, including the Texas National Guard, without prior approval of the Governor of Texas, the Chief Executive of the State, are unconstitutional.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Brandon Bickett
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Kerns Taylor, Chairman
Alfred Walker
Jim Swearinger
John Banks
Roger Tyler

EXECUTIVE ASSISTANT
Hawthorne Phillips